IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GABE REITTER, III,

      Petitioner,

v.                                        Case No. 3:07cv115
                                            (Judge Bailey)

WALLY A. PHILLIPS,

      Respondent.

## REPORT AND RECOMMENDATION

On August 31, 2007, the *pro se* petitioner, Gabe Reitter, III, initiated this case by filing an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that the Federal Bureau of Prisons (BOP) wrongfully delayed his admission into the Residential Drug Abuse Treatment Program (RDAP) thereby denying him the ability to receive a full twelve-month early release benefit. On January 22, 2008, the undersigned made a preliminary review of the file and determined that summary dismissal was not warranted at that time. Consequently, the respondent was directed to file an answer to the petition. On February 21, 2008, the respondent filed his response and a Motion to Dismiss. On February 28, 2008, a Roseboro Notice was issued. As of the date of this report and recommendation, the petitioner has filed no reply.

## I. Factual History

On December 6, 2004, the petitioner pleaded guilty in the United States District Court for the Middle District of Tennessee to Conspiracy to Possess With Intent To Distribute Gamma Butyrolactone ("GBL") in violation of 21 U.S.C. § 846; Distribution of Methandrostenolone, in violation of 21 U.S.C. § 841(a)(1); and Conspiracy to Attempt to Possess With Intent to Distribute Gamma Butyrolactone, in violation of 21 U.S.C. § 846. (3:04cr00101-1). Subsequently, the

petitioner was sentenced to 41 months of imprisonment. His projected statutory release date is December 16, 2008, via Good Conduct Time release. (Doc. 6-4, p. 3). The petitioner is currently designated to FCI Morgantown, which offers three drug treatment programs: non-residential, residential (RDAP), and drug education. (Doc. 6-7, p . 2).

The petitioner's RDAP eligibility interview was performed during his intake screening on January 17, 2006. During his screening, the petitioner reported limited use of ecstasy, ketamine, cocaine, and steroids. (Doc. 6-7, p. 4). The petitioner was informed that, based on the information contained in his Pre-Sentencing Report ("PSR"), he did not qualify for the RDAP because his limited reported drug use did not provide documented evidence of a substance abuse problem. (Id.).

By letter dated April 17, 2006, and received by FCI Morgantown on June 5, 2006, the petitioner's physician, Eric Serrano, MD, detailed his previous treatment of the petitioner and reported the petitioner's alleged substance abuse. (Doc. 6-11, p. 1). However, the BOP requires medical records or treatment notes prepared by a physician contemporaneous to the medical treatment provided as evidence of an inmate's substance abuse problem. (Doc. 6-7, pp. 4-5).

On February 6, 2007, Dr. Edward Baker and Chief of Psychology, Dr. Matthew Geyer, met with the petitioner to discuss his status for RDAP. Doctors Baker and Geyer informed the petitioner that he remained unqualified for the RDAP because he did not have evidence of a documented substance abuse problem. It was noted that the petitioner indicated that he had "lied" about his substance abuse on his PSA. The petitioner was informed of the criteria necessary to qualify for the RDAP, that he did not meet the criteria, and that if he was unsatisfied with this determination, he should pursue his administrative remedies. (Doc. 6-13).

In May of 2007, Dr. Baker reviewed audio surveillance tapes provided and authenticated by the United States Attorney's Office to serve as evidence of the petitioner's substance abuse problem, specifically his abuse of steroids within one year of his arrest/indictment. (Doc. 6-14). Based on that information, Dr. Baker diagnosed the petitioner with steroid abuse and determined that he was eligible for the RDAP and could begin the program in June. (Doc. 6-7, p. 6).

## II. The Petition

The petitioner alleges that his entry into the RDAP was after a hard fought battle between him and staff at FCI Morgantown. The petitioner further alleges that the staff's abuse of standard BOP policy has caused him an undue and unwarranted loss of sentence reduction and has extended his incarceration at FCI Morgantown far longer than originally intended. To right this alleged wrong, the petitioner requests that this court order that he be transferred to home confinement at one year from his scheduled release date.

## III. Respondent's Argument

Respondent argues that the petition should be dismissed because petitioner failed to exhaust his administrative remedies. Furthermore, respondent argues the 18 U.S.C. § 3625 precludes judicial review of the BOP's substantive determination about the petitioner's enrollment in the RDAP.

## IV. Standard of Review

In ruling on a motion to dismiss the Court must accept as true all well-pleaded factual allegations. Walker v. True, 399 F.3d 315 (4th Cir. 2005). Furthermore, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear, as a matter of law,

that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 4506 (1957).

## V. ANALYSIS

### A. Exhaustion

Federal inmates generally are required to exhaust their administrative remedies prior to filing a § 2241 petition. See McClung v. Shearin, No. 03-6952, 20004 WL 225093 (4th Cir. 2004). See also, Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); Colton v. Ashcroft, 299 F. Supp. 2d 681 (E.D. Ky (2004). Review of a BOP determination is available initially through the administrative process beginning with: (1) attempted informal resolution with prison staff. If the prisoner achieves no satisfaction informally, (2) he must file a written complaint with the warden, (3) followed by an appeal to the regional director of the Federal Bureau of Prisons. Finally, if the prisoner has received no satisfaction, (4) he may appeal to the office of General Counsel.

In the instant case, the petitioner does not allege that he exhausted his administrative remedies. Furthermore, the records submitted by the respondent indicate that petitioner has never initiated an administrative remedy regarding his qualification for the RDAP. (Doc. 6-3. p. 2). Accordingly, because petitioner failed to initiate, let alone exhaust his administrative remedies this action should bee dismissed, accordingly.

However, even if petitioner was not required to exhaust administrative remedies before bringing this action, his claim is nonetheless without merit and should be denied.

### B. RDAP

4

The Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA) amended 18 U.S.C. § 3621 to require the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). The Act is applicable to persons convicted of a "nonviolent offense" and allows the BOP to reduce an inmate's sentence by up to one year after successful completion of a substance abuse program. See 18 U.S.C. § 3621(e)(2)(B); see also 28 C.F.R. § 550.58. However, "[w]hile eligibility for early release under § 3621(e)(2)(B) is open to all prisoners who meet the statutory requirements, the statute expressly vests the Bureau of Prisons with broad discretion to grant or deny sentence reductions to eligible prisoners. See 18 U.S.C. § 3621(e)(2)(B) ("the period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program **may be reduced** by the Bureau of Prisons") (emphasis added." Pelissero v. Thompson, 170 F.3d 442, 444 (4th Cir. 1999).

Sections 3621(b) and (e) clearly state that determining which prisoners are eligible for substance abuse treatment is within the sole discretion of the BOP, as is the decision to reduce a prisoner's sentence by up to one-year upon the successful completion of such programs. Moreover, pursuant to 18 U.S.C. § 3625, Congress has specifically excluded these subsections from judicial review under the Administrative Procedures Act ("APA"). See Davis v. Beeler, 966 F.Supp. 483, 489 (E.D.Ky. 1997). Section 3625 states: "[t]he provisions of section 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."[1]

---

[1] Pursuant to 5 U.S.C. §§ 701 and 702, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action with the meaning of a relevant statute is entitled to judicial review thereof," except to the extent that a statute precludes judicial review.

Accordingly, any substantive decision by the BOP to grant or deny the petitioner's admittance into the RDAP, or regarding his eligibility to receive a one-year sentence reduction, is not reviewable by this Court. Here, the precise issue the petitioner challenges is the BOP's decision not to admit him into the RDAP program as early as September of 2006. Because this decision is not reviewable, the petition must be dismissed.

Furthermore, even if that decision were reviewable, the relief the petitioner requests, transfer to home confinement one year prior to his scheduled release date of December 16, 2008, is simply not relief that this Court can grant. Even if the petitioner had entered the RDAP program at the first date available after his intake screening on January 16, 2006 and successfully completed the program, he is still not entitled to early release as § 3621 simply does not create an entitlement to early release. See Orr v. Hawk, 156 F.3d 651 (6t$^h$ Cir. 1998) (there is no protectible liberty interest in early release under § 3621(e)); Fonner v. Thompson, 955 F.Supp. 638 (N.D.W.Va. 1997) (same); see also O'Bar v. Pinion, 953 F.2d 74, 84 (4th Cir. 1991) (a statute creates only a hope about a future discretionary decision by prison administrators is too speculative to create a liberty interest).

## VI. Recommendation

Based on the foregoing, that the respondent's Motion to Dismiss (Doc. 6) be **GRANTED** and the petitioner's §2241 petition be **DENIED and DISMISSED**

. Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver

of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. In addition, the clerk shall provide a copy to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: April 11, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE